**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Jolie Hassler

   v.                                                Civil No. 15-cv-357-LM

Ourway Realty, LLC, et al.


**O R D E R**

    Plaintiff Jolie Hassler filed this suit against Ourway Realty, LLC ("Ourway"), as well as four individually-named defendants.  The complaint asserts state-law claims for conversion, unjust enrichment and breach of fiduciary duty.  The sole basis for this court's jurisdiction invoked in the complaint is diversity of the parties.  See 28 U.S.C. § 1332(a)(1).

    On January 4, 2016, the court issued a procedural order noting that Ourway, a limited liability company, is deemed to be a citizen of the same states as each of its members.  See Order (doc. no. 12) at 1.  The order stated that "[t]he complaint does not specify Ourway's membership nor does it contain information regarding the citizenship of Ourway's members.  As a result, the court cannot be certain of Ourway's citizenship."  Id. at 1-2.  The order directed Hassler to "file an affidavit of jurisdictional facts with the court . . . [which] relate[s] to identities and citizenship of all of Ourway's members as of the

date this action was filed." Id. at 2. The court subsequently issued an order stating that failure to file an affidavit asserting sufficient jurisdictional facts by February 15, 2016 would result in dismissal of the case. See February 3, 2016 order (doc. no. 25).

Prior to the February 15 deadline, Hassler filed a motion to compel disclosure and stay dismissal of the action (doc. no. 26), which is the subject of this order. In her motion, Hassler asserts that her counsel has asked Ourway's counsel for the identities and citizenship of its members, as well as for access to Ourway's books, papers, or documents, in order to determine whether she can assert sufficient jurisdictional facts. Hassler states that Ourway refuses to provide her counsel with any of the requested information. She asks the court to compel Ourway to provide her with information concerning its members, and to grant her 10 days from the date she receives the information to file an affidavit of jurisdictional facts.

Ourway objects, arguing that Hassler's motion "effectively asks the Court to shift the burden of demonstrating jurisdiction to the Defendants." Obj. (doc. no. 27) at 1. It also asserts that Hassler has failed to serve at least three of the individual defendants, and requests that the claims against those individual defendants be dismissed.

The court is dismayed at Ourway's apparent attempt to thwart Hassler's effort to comply with the court's procedural orders.  Ourway does not contend that it would be difficult to provide Hassler with the relevant information, or provide any justification for failing to do so.  It simply declines to do so.  Ourway's lack of cooperation with Hassler's counsel without any justification is inappropriate.  In addition, to the extent Ourway believes that claims against certain individual defendants should be dismissed, that issue is not properly raised in an objection to a motion to compel.  See LR 7.1.

Ourway shall provide Hassler with the requested membership information **on or before March 11, 2016.**  See Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003) (noting that a "district court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction" (internal quotation marks and citation omitted)); Orion Seafood Int'l, Inc. v. Supreme Grp. B.V., No. 11-cv-562-SM, 2012 WL 3776919, at *3 (D.N.H. Aug. 29, 2012) (allowing jurisdictional discovery where the "facts likely to be revealed . . . are in the hands of the defendant[s]" (internal quotation marks and citation omitted)).  Hassler shall provide the court with the affidavit of jurisdiction facts

described in the above-referenced procedural orders within 10 days after receipt of the information from Ourway.

### Conclusion

For the foregoing reasons, Hassler's motion to compel disclosure and stay dismissal of the action (doc. no. 26) is granted in accordance with the terms of this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 18, 2016

cc:   George T. Campbell, III, Esq.
      Hillary A. Lehmann, Esq.
      James F. Ogorchock, Esq.
      David H. Rich, Esq.